UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MUZAFER ALZAND,

    Defendant.

_____/

Case No. 18-cr-20703

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY REQUEST FOR EARLY RELEASE [#38]**

**I. INTRODUCTION**

On April 16, 2019, Defendant Muzaffer Alzand pled guilty to one count of possession of a machine gun in violation of 18 U.S.C. § 922(o).  ECF No. 31.  Specifically, Defendant's Rule 11 Agreement states that Alzand purchased a Glock switch and converted a pistol into a machine gun, meaning that the pistol "shoots more than one shot, without manual reloading, with a single function of the trigger." *Id.* at PageID.77.  On August 19, 2019, Defendant was sentenced to 24 months imprisonment.  ECF No. 37, PageID.278.

Presently before the Court is the Defendant's Request for Emergency Action for Early Release, filed on April 24, 2020.  ECF No. 38.  The Court will construe Defendant's requested relief as a Motion for Compassionate Release under 18

1

U.S.C. § 3582. The Government filed a Response on May 20, 2020. ECF No. 44. The Defendant filed his Reply on May 27, 2020. ECF No. 45. The parties also filed supplemental material; Alzand provided his medical records on May 19, 2020, and the Government filed the same medical records and his ICE Immigration Detainer on May 20, 2020. ECF Nos. 41, 43. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2).

For the reasons that follow, the Court will DENY the Defendant's Motion [#38].

## II. BACKGROUND

Muzaffer Alzand was sentenced on August 19, 2019 to serve 24 months in custody. He pled guilty to one count of possession of a machine gun in violation of 18 U.S.C. § 922(o). His Rule 11 agreement states that he knowingly possessed a switch that converted a traditional pistol into a *de facto* machine gun because it was "capable of shooting more than one shot, without manual reloading, with a single function of the trigger." ECF No. 31, PageID.77.

Alzand is forty-five years old and serving his sentence at FCI Milan in Michigan. According to the present motion, he has been eligible for home confinement since April 27, 2020. ECF No. 38, PageID.285. His release date is

2

July 8, 2020. *Id.* Alzand seeks early release from his term of imprisonment by noting that he is due to be released in about a month and arguing that FCI Milan has failed to mitigate the spread of COVID-19. According to his medical records, Defendant suffers from asthma, chronic rhinitis, and gastroesophageal reflux disease (GERD). *See* ECF No. 41-2, PageID.366. He is also a colon cancer survivor. *Id.* As of May 26, 2020, seventy-two inmates at FCI Milan have tested positive for COVID-19, three have died, and there are five active cases. Among the staff at FCI Milan, fifty-five have tested positive for COVID-19 and three are pending recovery.

On April 6, 2020, Defendant sent a letter to the warden of FCI Milan requesting he be granted early release under the compassionate release standard. ECF No. 38, PageID.312. In his present motion, he states that he has not yet received a response to his letter. *Id.* at PageID.286. He communicated his concerns via inmate-to-staff email and raised his concerns again, but the warden stated that all requests should be brought to his Unit Team. *Id.* at PageID.708. FCI Milan provided Defendant with a memorandum on April 17, 2020 that lists all criteria that must be met for home confinement eligibility, including: (1) primary offense is not violent; (2) primary offense is not sex offense; (3) primary offense is not terrorism; (4) no detainer/pending charges/warrants; (5) no incident reports in the past 12 months; (6)

3

inmate pattern risk score is categorized as "minimum"; (7) custody level is "minimum" or "low."[1]  *Id.* at PageID.710.

### III. ANALYSIS

A criminal defendant may move for compassionate release under 18 U.S.C. § 3582.  As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c).  Under this statute, the requirements of exhaustion and "extraordinary and compelling reasons" must be met to be eligible for compassionate release.

---

[1] FCI Milan added an eighth criterion on April 20, 2020: "Inmates must have served at least 50% of their sentence to be eligible for Home Confinement."  ECF No. 45-3, PageID.711.

4

### A. Exhaustion is Futile for COVID-19-Related Compassionate Release Motions

The compassionate release statue mandates that a defendant must first exhaust his administrative remedies with the BOP, or wait 30 days in the event the BOP fails to act, before petitioning to a court. 18 U.S.C. § 3582(c). Generally, exhaustion is a mandatory prerequisite to compassionate release relief. *See Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016). However, various courts, including this Court, have held that the exhaustion requirement may be waived under the unique and rapidly evolving circumstances presented by COVID-19 and its spread in correctional facilities. *See United States v. Coles*, No. 18-CR-20254, 2020 WL 1899562, at *5 (E.D. Mich. Apr. 17, 2020); *United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794, at *2 (E.D. Mich. May 20, 2020); *United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *2 (E.D. Mich. May 15, 2020). Accordingly, while Alzand has not yet exhausted the administrative process here, the exhaustion requirement is waived and his request for compassionate release may still be considered by the Court.

### B. Alzand Does Not Present Extraordinary and Compelling Reasons Warranting Early Release

For a court to grant compassionate release, the defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has provided

5

guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Milan. Looking at his medical condition, Alzand's records reflect multiple diagnoses including asthma, chronic rhinitis, GERD, and a 2008 bout with colon cancer. ECF No. 41-2, PageID.366. According to the Centers for Disease Control and Prevention ("CDC"), the only relevant condition that places Defendant at a higher risk for severe illness from COVID-19 is his asthma. *People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

While the parties disagree about the severity of Alzand's asthma, the medical records show that he has suffered from asthma since at least 2015 and uses two inhalers daily. ECF No. 41-2, PageID.366. However, an asthma diagnosis by itself is not sufficient to warrant early release under the compassionate release standard. Defendant is also twenty years younger than the CDC's classification of adults sixty-

five years and older who are at higher risk of COVID-19 complications. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three."). Upon consideration of Circuit precedent for granting compassionate release and the particular facts of his case, Alzand has not presented extraordinary and compelling circumstances that warrant his early release at this time.

## IV. CONCLUSION

For the reasons discussed herein, the Court will DENY Defendant's Emergency Request for Early Release [#38].

**IT IS SO ORDERED.**

_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager